Lew MOYE, Ernest Dean, John May, Individually and as representatives and members of the class and United Black Community Fund of St. Louis, a Missouri Corporation, Plaintiffs,

v.

CHRYSLER CORPORATION, Defendant.

No. 78–654C(4).

United States District Court, E. D. Missouri, E. D.

Feb. 23, 1979.

**1190**

Doris G. Black, St. Louis, Mo., for plaintiffs.

Edwin D. Akers, Jr., Charles A. Newman and James W. Erwin, St. Louis, Mo., for defendant.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3). For reasons stated below the motion will be granted.

This matter concerns the refusal of Chrysler Corporation to authorize or permit payroll deductions to be made for the plaintiff United Black Community Fund of St. Louis (hereinafter UBCF). Plaintiffs Lew Moye, Ernest Dean and John May are employees of Chrysler who participate in its payroll deduction plan. Under Chrysler's payroll deduction plan sums are withheld from its employees' paychecks for various federal, state and local taxes. Also, the plan provides for a deduction to be made for charitable contributions to the United Way of Greater St. Louis, Inc. (hereinafter United Way).

Plaintiffs allege that the UBCF is a "charitable, non-profit organization which is tax-exempt and chartered to serve the needs of organizations and individuals predominantly in the black community." They claim that Chrysler's refusal to grant the payroll deduction to that organization is motivated by racial discrimination and is a violation of their rights to due process and equal protection under the Fifth and Fourteenth Amendments and Title 42 U.S.C. § 1981. Plaintiffs seek class action status under Fed.R.Civ.P. 23. They pray for injunctive and declaratory relief and $50,000 actual damages and $500,000 punitive damages on behalf of the UBCF. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1981.

At the outset this Court notes that the facts do not state a cause of action under the Fifth and Fourteenth Amendments because the requisite governmental involvement by way of federal or state action is not present.

In order for plaintiffs' claim to survive under 42 U.S.C. § 1981, they must allege the violation of certain articulated rights under that section. Although there is substantial dispute regarding whether or not state action is required for the invocation of the protection of the various clauses of that section, the clause pertaining to the making and enforcing of contracts, which is at issue here, reaches private discrimination. *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). This Court, however, is unable to find in the facts before it the required contract or deprivation of rights to contract as provided in § 1981. In short, Chrysler is not denying anyone in its employ the right to donate to any particular charity. And the fact that it chooses to voluntarily confer the benefit of the payroll deduction plan in favor of the United Way does not, in this Court's estimation, rise to the level of contract within the meaning of § 1981. It follows, therefore, that its refusal to gratuitously confer the same benefit on the UBCF is not actionable under federal law.

As such, no federal question has been stated and this Court is without jurisdiction to hear the matter. And because the other federal rules and statutes pleaded by plaintiffs do not confer jurisdiction in and of themselves, they cannot be the basis of a cause of action.

Accordingly, the motion to dismiss on behalf of defendant will be granted.